UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR IBANEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>XPO LAST MILE INC.,<br><br>    Defendant. | Case Nos. 16-cv-07039-WHO<br>17-cv-04009-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 89 |

The Parties have jointly applied to this Court for an order preliminarily approving the settlement of the Action in accordance with the Joint Stipulation and Settlement Agreement ("Agreement") and the exhibits thereto setting forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth. Having read and considered the Stipulation and the exhibits annexed thereto, and having held argument on the motion for preliminary approval on September 4, 2019:

**IT IS HEREBY ORDERED**:

1. This Order incorporates by reference the definitions in the Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Agreement.

2. The Court grants preliminary approval to the settlement. The Court preliminarily finds that the Agreement is fair, adequate, and reasonable, and preliminarily approves the terms of the Agreement.

3. The Court recognizes that Plaintiff, the Settlement Class Members, and Defendants stipulate and agree to certification of a Settlement Class for settlement purposes only. This stipulation will not be deemed admissible in this or any other proceeding should this Agreement not become final. For settlement purposes only, the Court conditionally certifies the following Settlement Class: "all individuals who did not contract with XPO LM, and (1) are "Drivers" that performed delivery services within the state of California during the Class Period for a Carrier, or (2) are "Helpers" with a California address and were/are associated with any Carrier that performed services within the state of California during the Class Period. (This Settlement Class expressly excludes those drivers and helpers who delivered goods that were

1 tendered to them at the Macy's warehouse located at 1200 Whipple Road, Union City, CA 94587.)"

4. Plaintiff Hector Ibanez is hereby appointed and designated, for all purposes, as the representative of the Settlement Class.

5. The following attorneys are hereby appointed and designated as Class Counsel:

| David Mara<br>Jamie Serb<br>MARA LAW FIRM, PC<br>2650 Camino Del Rio North<br>Suite 205<br>San Diego, CA 92108<br>Telephone: 619-234-2833 | Matthew Bainer<br>THE BAINER LAW FIRM<br>1901 Harrison Street<br>Suite 1100<br>Oakland, CA 94612<br>Telephone: 510-922-1802 |
|---|---|

6. Class Counsel is authorized to act on behalf of Settlement Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Agreement, and such other acts reasonably necessary to consummate the Agreement. Any Settlement Class Member may enter an appearance through counsel of his or her own choosing and expense. Any Settlement Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

7. The Court hereby approves on a preliminary basis the Agreement and settlement contained therein, including the definition and disposition of the Gross Settlement Amount and related matters provided for in the Agreement. It appears to the Court on a preliminary basis that the settlement amount and terms are fair, adequate, and reasonable as to all potential Settlement Class Members when balanced against the probable outcome of further litigation relating to liability and damage issues. It further appears that adequate investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by further prosecution of the Action. It further appears that the Agreement has been reached as the result of intensive, serious, and non-collusive, arm's-length negotiations.

8. A hearing (the "Final Approval Hearing") shall be held before this Court on January 15,

2020, at 2:00 p.m. at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, to determine all necessary matters concerning the Agreement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate, and reasonable and should be finally approved by the Court; whether a Judgment should be entered herein; whether the plan of allocation contained in the Agreement should be approved as fair, adequate and reasonable to the Settlement Class Members; and to finally approve Class Counsel's attorneys' fees and costs, the Plaintiff's service award/general release payment, the LWDA's portion of the PAGA Payment, and the settlement administration expenses. The Final Approval Hearing may be continued without further notice to Settlement Class Members. The Parties shall file a Motion for Final Approval of Class Action Settlement on or before December 11, 2019.

9. Although the Agreement specifies an Attorney Fee Award in an amount not to exceed 33 1/3% of the Gross Settlement Amount, Class Counsel stated their intention to request only 25% of the Gross Settlement Amount ($1,375,000.00). The Court will determine approval of the requested attorney's fees at the Final Approval Hearing. The Agreement also specifies a Cost Award not to exceed $100,000.00, a Service Award/General Release Payment not to exceed $10,000.00 to Plaintiff, Administration Costs to the settlement administrator estimated not to exceed $75,000.00, and $412,500.00 to the Labor and Workforce Development Agency for its 75% share of the $550,000.00 PAGA Payment. The Court will determine approval of the requested amounts set forth above at the Final Approval Hearing. If the Court decides to award less than the amounts set forth above, then the unawarded amounts will become part of the Net Settlement Amount, distributable to Participating Settlement Class Members.

10. The Court hereby approves, as to form and content, the Class Notices annexed as **Exhibit A** to the Agreement, except that the Notices shall be modified to provide that objections should (not must) be in writing, should (not must) provide specific information, the text "If you file a timely written objection, postmarked no later than [the Response Deadline]" should be stricken, and the text "Any objection must comply with Federal Rules of Civil Procedure,

Rule 23(e)(5)" should be stricken. The Court finds that the distribution of the Class Notice substantially in the manner and form set forth in the Agreement and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11. The Court hereby appoints CPT Group, Inc. as the Settlement Administrator and hereby directs the Settlement Administrator to mail or cause to be mailed to Settlement Class Members the Class Notice by first class mail within twenty-one (21) days after entry of this Order, using the procedures set forth in the Agreement. Settlement Class Members will automatically receive their settlement payments. The Response Deadline is 60 days after the Settlement Administrator mails the Class Notice.

12. Class Counsel shall file a Motion for Attorneys' Fees twenty-one (21) days before the expiration of the Class Notice period.

13. Any Settlement Class Member may choose to opt out of and be excluded from the Settlement Class by following the instructions for requesting exclusion from the Settlement Class that are set forth in the Class Notice. All requests for exclusion must be submitted as provided in the Class Notice. Any such person who chooses to opt out of and be excluded from the Settlement Class will not be entitled to any recovery under the Agreement and will not be bound by the Agreement or have any right to object, appeal, or comment thereon. Any written request to opt out must be signed by each such person opting out. Settlement Class Members who have not requested exclusion shall be bound by all determinations of the Court, the Agreement, and Judgment.

14. Any Settlement Class Member may appear at the Final Approval Hearing and may object or express his or her views regarding the settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice. Objections, generally, should be filed with the Clerk of this Court on or before sixty (60) days after the Notice mailing.

15. All Settlement Administrator costs shall be paid from the Gross Settlement Amount.

16. The Agreement is not a concession or admission and shall not be used against Defendants or any of the Released Parties as an admission or indication with respect to any claim of any

fault or omission by Defendants or any of the Released Parties. Whether or not the settlement is finally approved, neither the Agreement, nor any document, statement, proceeding or conduct related to the settlement, nor any reports or accounts thereof, shall in any event be:

   a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendants or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

   b. Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Agreement.

17. As of the date this Order is signed, all dates and deadlines associated with the Action shall continue to be stayed, other than those related to the administration of the Settlement of the Action.

18. In the event the Settlement does not become effective in accordance with the terms of the Agreement, or the settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Agreement.

19. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Agreement without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

Dated: September 6, 2019



William H. Orrick
United States District Judge